IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELLYN HERRINGTON,

    Plaintiff,

    v.

CRESTWOOD SCHOOL DISTRICT and
THEODORE GEFFERT,

    Defendants.

CIVIL ACTION NO. 3:04-CV-1243

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant's Motion For Summary Judgment (Doc. 13). For the reasons set forth below, the Court will grant Defendant's motion in part and deny it in part. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## BACKGROUND

Plaintiff, Ellyn Herrington, was born on July 10, 1960, and turned forty (40) years old on July 10, 2000. (Doc. 19, Ex. D, at 148.) Plaintiff applied for, but was not hired into, a full-time teaching position for the Crestwood School District in 1996. (Doc. 2, ¶ 10.) Plaintiff submitted evidence that she possessed the minimum qualifications for a full-time teaching position; having obtained a Bachelor's Degree from College Misericordia of Dallas, Pennsylvania in 1996, and having received a teaching certificate in Elementary Education. (Doc. 16, Ex. F.) In 1998, Plaintiff was added to the Professional Substitutes list for the Crestwood School District. (Doc. 19, Ex. D at 56, 61.)

Plaintiff again applied for a full-time teaching position with Crestwood School District in 2002. (Doc. 2, ¶ 10.) Plaintiff interviewed with Paul Noss, Fairview Elementary

Principal, and Mark Atherton, Middle School Principal, on June 5, 2002.  (Doc. 16, Ex. L; Doc. 22, Ex. D.)   Paul Noss circled "Yes" under the "Recommendation to superintendent" portion of Plaintiff's interview sheet.  (Doc. 22, Ex. D.)  However, on June 7, 2002, Paul Noss and Mark Atherton did not include Plaintiff's name in the letter detailing their recommendations to the Superintendent.  (Doc. 16, Ex. M; Doc. 22, Ex. H.) Plaintiff then received a rejection letter which read in part: "This was a difficult task because of the exceptionally qualified people who applied.  You are well qualified and I am certain that your experience and skill level will help you to continue to be a success." (Doc. 16, Ex. N; Doc. 22, Ex. A.)

Plaintiff submitted evidence that the majority of teachers who were hired in 2002 were under forty (40) years old.  (Doc. 19, Ex. D, at 42; Doc. 16, Ex. G.)  Defendants submitted evidence that Shari Andes, who was over forty (40) years old, was hired for full-time teaching position in 2002.  (Doc. 16, Ex. G.)  Further, Defendants submitted evidence that Sylvia Wenner, who was also over forty (40) years old, had been hired for a full-time teaching position in 2001.  *Id.*

On January 16, 2003, Plaintiff filed a charge with the Pennsylvania Human Relations Commission ("PHRC"), alleging she was not hired into full-time teaching positions between 1996 and 2002 due to age discrimination.  (Doc. 16, Ex. A.)

Plaintiff submitted evidence that she was not selected to be interviewed for a full-time teaching position for the 2003-2004 school year.  (Doc. 22, Ex. L.)  Further, Plaintiff submitted evidence that Louis Welebob, Principal, and Paul Noss, Fairview Elementary Principal, wrote a letter to Theodore J. Geffert, Superintendent on April 19, 2004, explaining that Mrs. Herrington was not selected to be interviewed for the 2003-2004

2

school year because:

- She did not interview well in her previous interview.
- She showed no initiative when substituting in the district.
- Concerns from the faculty regarding lack of classroom management.

(Doc. 22, Ex. L.)

Defendants submitted evidence that Rebecca Draszdowski, who was over forty (40) years old, was hired for full-time teaching position in 2003. Defendants further submitted evidence that Adele Kaschenbach, who was over forty (40) years old, was hired for a full-time teaching position in 2003. (Doc. 16, Ex. G.)

Following the filing of her complaint with the PHRC on January 16, 2003, Plaintiff submitted evidence that she was no longer called to substitute teach at the Middle School in the Crestwood School District. (Doc. 19, Ex. D, at 33.)

Plaintiff filed her Complaint with the Court on June 9, 2004. (Doc. 1.) Then, on June 22, 2004, Plaintiff filed an Amended Complaint. (Doc. 2). On May 2, 2005, Defendants filed the present Motion for Summary Judgment (Doc. 13). This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56©. A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888

(1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

## DISCUSSION

**1.     Discrimination**

Plaintiff alleges that Defendant Crestwood School District failed to hire Plaintiff into a full-time teaching position, and failed to interview or hire Plaintiff in 2003 because of her age, in violation of the Age Discrimination In Employment Act, 29 U.S.C. § 623, *et seq.*, ("ADEA") and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. § 951, *et seq.*, ("PHRA").[1]  Defendants argue that Plaintiff has failed to submit evidence that Defendants' proffered legitimate nondiscriminatory reasons for the failure to hire or interview Plaintiff are pretextual.

**a.     ADEA**

The ADEA provides:  "It shall be unlawful for an employer . . . to discharge an individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such

---

[1]     State PHRA claims are subject to the same analysis as federal ADEA claims. *See Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 972 (3d Cir. 1998).  Thus, while the Court will discuss Plaintiff's claims under the framework of the ADEA, the resulting analysis applies with equal force to Plaintiff's PHRA age discrimination claim.

Further, the parties disagree as to whether Plaintiff's PHRA claim concerning Defendants' failure to hire her for the 2002 teaching positions is time barred. I need not determine when the applicable exhaustion requirement began, because I find that Plaintiff has failed to submit evidence sufficient to sustain the claim.

5

individual's age . . . ." 29 U.S.C. § 623(a).  ADEA plaintiffs may establish a cause of action by demonstrating disparate treatment.  *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004).  Moreover, in such instances, proof of discriminatory intent is a crucial component.  *Id.* at 300 (citing *Hazen*, 507 U.S. at 610)).  ADEA plaintiffs with only indirect evidence of discriminatory intent claiming disparate treatment must proceed under the *McDonnell Douglas* burden-shifting framework.  *Id.*  In the instant matter, Plaintiff offers only indirect evidence of Defendant's alleged discriminatory intent.  Consequently, analysis of Plaintiff's age discrimination claims must proceed under the *McDonnell Douglas* analytical framework.

> **i.** *McDonnell Douglas* **Framework**

The burden-shifting framework set forth in *McDonnell Douglas* first requires Plaintiff to establish her prima facie case, which, if successful, raises an inference of age discrimination.  *Keller v. Ortix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997); *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 522 (3d Cir. 1993); *Weldon*, 896 F.2d at 797.  However, an adequate, nondiscriminatory reason for the adverse action taken against Plaintiff serves to "dispel[] the inference of discrimination arising from Plaintiff's initial evidence."  *Keller*, 896 F.2d at 797.  To satisfy their burden, Defendants need not prove that the articulated reasons actually motivated their conduct.  *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).  Rather, Defendants must only introduce "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the adverse employment action.  *Id.*  Plaintiff then bears the burden of demonstrating that the alleged legitimate, nondiscriminatory reasons

advanced by Defendants are but a pretext, aimed at concealing Defendants' discriminatory motives. *Ezold*, 983 F.2d at 522 (citing *Burdine*, 450 U.S. at 257).

### ii.     Nondiscriminatory Reasons

The reasons tendered by Defendants as to why Plaintiff was not hired into a full-time teaching position are: (1) that the Plaintiff interviewed poorly; and (2) her application was among others who were exceptionally qualified.  Furthermore, the reasons tendered by Defendants as to why Mrs. Herrington was not selected to be interviewed for the 2003-2004 school year include: (1) Plaintiff did not interview well in her previous interview; (2) Plaintiff showed no initiative when substituting in the district; and (3) concerns were expressed regarding Plaintiff's lack of classroom management.  (Doc. 22, Ex. L.)

In support of their contentions, Defendants offered evidence that Plaintiff received less than top marks in some categories during her June 5, 2002 interview with Paul Noss and Mark Atherton.  (Doc. 16, Ex. L.)  Further, Defendants submitted evidence demonstrating that other individuals over the age of forty (40) were hired for full-time teaching positions.  Namely, one person within the protected class was hired in 2001, two persons within the protected class were hired in 2002, and two persons within the protected class were hired in 2003.  (Doc. 16, Ex. G.)  Clearly, Defendants have satisfied the relatively light burden of production required under *McDonnell Douglas.*  Thus, Plaintiff must establish that Defendants' articulated reasons are pretextual.

### iii.    Pretext

To survive a summary judgment motion, Plaintiff must present "some evidence, direct or circumstantial, from which a factfinder could reasonably either: (1) disbelieve

7

[Defendants'] articulated reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [Defendants'] action." *Fuentes*, 32 F.3d at 764.  The Third Circuit Court of Appeals has held that Plaintiff may establish that Defendants' proffered reasons are "unworthy of credence," *Sorba v. Pa. Drilling Co.*, 821 F.2d 200, 204 (3d Cir. 1987), by introducing evidence that the employer subjected individuals outside the protected class to more favorable treatment.  *See, e.g., Fuentes*, 32 F.3d. at 765; *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 179; *Weldon*, 896 F.2d at 797.  If Plaintiff successfully points to evidence sufficient to discredit Defendants' tendered reasons, Plaintiff need not submit additional evidence beyond the initial prima facie case in order to survive summary judgment.  *Waldron v. SL Indus., Inc.*, 56 F.3d 491, 495 (3d Cir. 1995).  Even where the majority of this evidence comes from uncorroborated deposition testimony, the Third Circuit Court of Appeals has held that this is sufficient to survive summary judgment.  *Weldon*, 896 F.2d at 800.

Plaintiff raises three arguments which she believes demonstrate evidence of pretext; they are: (1) Plaintiff did not interview badly; (2) those outside the protected class were treated better; and (3) other candidates, outside the protected class, who interviewed poorly were allowed to interview for subsequent positions or were hired.  For the following reasons, I find that there are genuine issues of material fact concerning Defendants' facially nondiscriminatory reasons for failing to hire or interview Plaintiff.

Plaintiff argues that she has rebutted the assertion that she interviewed poorly, because Paul Noss circled "Yes" under the "Recommendation to superintendent" portion of Plaintiff's interview sheet from June 5, 2002.  (Doc. 22, Ex. D.)  Further, Plaintiff has

offered evidence of two individuals, outside the protected class, who were interviewed in 2003 and not recommended for employment but then were subsequently hired.  (Doc. 22, Ex. F.)  Viewing the evidence in the light most favorable to Plaintiff, a reasonable factfinder could either disbelieve Defendants' assertion that Plaintiff interviewed poorly, or could believe that Plaintiff's poor interview was not the reason Defendants failed to hire Plaintiff.  Furthermore, Plaintiff argues that those outside the protected class were treated better because they were hired or interviewed for subsequent positions.  Plaintiff has submitted evidence that the majority of teachers who were hired in 2002 and 2003 were under forty (40) years old.  (Doc. 19, Ex. D, at 42; Doc. 16, Ex. G.)

Viewing the evidence in the light most favorable to Plaintiff, she has offered evidence from which a factfinder could reasonably disbelieve Defendants' articulated reasons, or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of Defendants' action.  Consequently, the Court finds that there are genuine issues of material fact concerning Defendants' facially nondiscriminatory reasons for failing to hire or interview Plaintiff.  Therefore, Defendants' motion for summary judgement will be denied with regard to Plaintiff's ADEA and PHRA discrimination claims.

**2.    Retaliation**

Plaintiff also alleges that Defendants violated the anti-retaliation provisions of the ADEA and the PHRA by failing to interview or hire her for a full-time teaching position in 2003, and failing to request her to substitute in the middle school; after she filed her complaint with the PHRC on January 16, 2003.

The Third Circuit Court of Appeals has held that due to the similarity of the anti-

retaliation provisions of Title VII, the ADEA and the PHRA, analysis of claims under each should be conducted under the same analytical framework. *See Fogleman v. Mercy Hosp., Inc.*, 283 F.2d 561, 567 (3d Cir. 2002). Analysis of a pretext retaliation claim such as this, follows the by now familiar *McDonnell Douglas* burden-shifting framework discussed above. *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 187 (3d Cir. 2003).

### i.  *McDonnell Douglas* Framework

Plaintiff must first establish her prima facie case of retaliation by demonstrating: (1) she engaged in a protected activity; (2) Defendants took an adverse employment action subsequent to or contemporaneously with such activity; and (3) a causal link exists between the protected activity and the adverse action. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997). If the plaintiff establishes her prima facie case, the burden of production shifts to the defendants, who must then articulate a legitimate, non-discriminatory reason for their actions. *Id.* at 920 n.2. Defendants need not prove that the articulated reason actually motivated the adverse action. *Id.* The burden of production then returns to Plaintiff, who must prove that if not for Plaintiff's protected activity, the adverse employment action would not have occurred. *Id.* at 935.

### ii.  *Prima Facie* Case

Plaintiff engaged in a protected activity when she filed a charge with the PHRC, on January 16, 2003, alleging that she was not hired into full-time teaching positions in 1996 and 2002 due to age discrimination. (Doc. 16, Ex. A.) Further, Plaintiff has submitted evidence that following the filing of her complaint with the PHRC, she was not selected to

be interviewed for a full-time teaching position in 2003, and she was no longer called to substitute teach at the Middle School in the Crestwood School District.  (Doc. 19, Ex. D, at 33; Doc. 22, Ex. L.)

Temporal proximity between an employee's protected activity and the adverse employment action may be circumstantial evidence sufficient to raise the inference that Plaintiff's protected activity was the likely cause of the adverse employment action.  *See Kachmar v. Sungard Data Systems, Inc.,* 109 F.3d 173, 177 (3d Cir. 1997).  Plaintiff's protected activity occurred before Defendants failed to select her to be interviewed for a full-time teaching position in 2003, and directly prior to when Plaintiff alleges she was no longer called to substitute teach at the Middle School.  Therefore, Plaintiff has submitted evidence adequate to suggest that a casual link exists between her filing of a complaint with the PHRC and Defendants' failure to interview Plaintiff for a full-time teaching position in 2003, or call her to substitute teach at the Middle School.

Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could find that Plaintiff's protected conduct was the likely cause of Defendants' failure to select Plaintiff to be interviewed for a full-time teaching position in 2003, or to call Plaintiff to substitute teach at the Middle School.

### iii.   Nondiscriminatory Reasons

The reasons tendered by Defendants as to why Plaintiff was not selected to be interviewed for the 2003-2004 school year, as previously discussed, are: (1) Plaintiff did not interview well in her previous interview; (2) Plaintiff showed no initiative when substituting in the district; and (3) concerns were expressed regarding Plaintiff's lack of

classroom management. (Doc. 22, Ex. L.) Defendants have satisfied the relatively light burden of production required under *McDonnell Douglas* as to this issue. Thus, Plaintiff must establish that her protected activity had a determinative effect on Defendants' decision not to interview Plaintiff in 2003.

Defendants, however, have failed to tender a legitimate nondiscriminatory reason as to why Plaintiff has not been called to substitute teach at the Middle School, following the filing of her PHRC complaint. Since Defendants have failed to satisfy their burden of production, the Court must deny Defendants' motion in favor of Plaintiff with regard to Plaintiff's claim that Defendants retaliated against Plaintiff by refusing to call Plaintiff to substitute teach at the Middle School. *See Keller*, 130 F.3d at 1108.

    **iv.**  **Determinative Effect**

Since Defendants have tendered a legitimate nondiscriminatory reason for failing to interview Plaintiff in 2003, Plaintiff must submit evidence sufficient to convince a factfinder both that Defendants' proffered explanation is false, and that Defendants' action was actually motivated by a retaliatory animus. *Woodson*, 109 F.3d at 920 n.2.

As discussed previously, viewing the evidence in the light most favorable to Plaintiff, she has offered evidence from which a factfinder could reasonably disbelieve Defendants' articulated reasons, or believe that Plaintiff's filing of a PHRC complaint was a determinative cause of Defendants' failure to interview Plaintiff in 2003. Accordingly, Defendants' motion will be denied with regard to the remaining portion of Plaintiff's retaliation claims.

### 3.     Section 1983 - Equal Protection Claim

In addition to her claims under the ADEA, Plaintiff raises claims under 42 U.S.C. § 1983, alleging that Defendants deprived her of equal protection under the law on the basis of her age.  Defendants argue that the ADEA is the exclusive federal remedy for age discrimination claims and, as such, Plaintiff's § 1983 equal protection claims are preempted by the ADEA.  I need not determine whether Plaintiff's § 1983 claims are subsumed by her ADEA claims, because I conclude that Plaintiff has failed to meet the evidentiary requirements applicable to a  § 1983 equal protection claim.

"[I]ntent is a prima facie element of any Constitution-based civil rights claim of discrimination. . . ."  *Pennsylvania v. Flaherty*, 983 F.2d 1267, 1273 (3d Cir. 1993).  Therefore, in order to establish a § 1983 equal protection claim, Plaintiff must prove purposeful discriminatory conduct.  In other words, Plaintiff must show disparate impact plus some other "indicia of purposeful discrimination."  *Id.*  Assuming arguendo that Plaintiff has shown disparate impact, she has failed to offer evidence demonstrating some other indicia of purposeful discrimination.  As such, Plaintiff has failed to meet her evidentiary burden.  Defendants' motion for summary judgment will be granted with regard to Plaintiff's § 1983 equal protection claims.

### CONCLUSION

First, viewing the evidence in the light most favorable to Plaintiff, she has offered evidence from which a factfinder could reasonably disbelieve Defendants' articulated reasons, or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of Defendants' failure to hire or interview Plaintiff.

Consequently, Defendants' motion for summary judgement will be denied with regard to Plaintiff's ADEA and PHRA discrimination claims.

Second, Defendants have failed to tender a legitimate nondiscriminatory reason as to why Plaintiff has not been called to substitute teach at the Middle School following the filing of her PHRC complaint.  Since Defendants have failed to satisfy their burden of production, the Court must deny Defendants' motion in favor of Plaintiff with regard to Plaintiff's retaliation claim concerning Defendants' failure to call Plaintiff to substitute teach at the Middle School.  *See Keller*, 130 F.3d at 1108.

Third, Plaintiff has offered evidence from which a factfinder could reasonably disbelieve Defendants' articulated reasons, or believe that Plaintiff's filing of a PHRC complaint was a determinative cause of Defendants' failure to interview Plaintiff in 2003.  Accordingly, Defendants' motion will be denied with regard to the remaining portion of Plaintiff's retaliation claims.

Fourth, in order to establish a § 1983 equal protection claim Plaintiff must prove purposeful discriminatory conduct.  Assuming arguendo that Plaintiff has shown disparate impact, she has failed to offer evidence demonstrating some other indicia of purposeful discrimination.  As such, Plaintiff has failed to meet her evidentiary burden.  Therefore, Defendants' motion for summary judgment will be granted with regard to Plaintiff's § 1983 equal protection claims.

An appropriate Order will follow.


 March 17, 2006                                            /s/ A. Richard Caputo
Date                                                                A. Richard Caputo
                                                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELLYN HERRINGTON, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-1243 |
| v. | (JUDGE CAPUTO) |
| CRESTWOOD SCHOOL DISTRICT and THEODORE GEFFERT, | |
| Defendants. | |

## ORDER

**NOW**, this ___17th___ day of March, 2006, **IT IS HEREBY ORDERED** that Defendant's Motion For Summary Judgment (Doc. 13) is **GRANTED in part** and **DENIED in part**:

 a. Defendants' motion is **GRANTED** insofar as it seeks summary judgment with respect to:

   i. Plaintiff's § 1983 equal protection claims.

 b. Defendants' motion is **DENIED** with respect to:

   i. Plaintiff's discrimination claims under the ADEA and PHRA;

   ii. Plaintiff's retaliation claims concerning Defendants' failure to request Plaintiff to substitute teach in the Middle School; and

   iii. Plaintiff's retaliation claims concerning Defendants' failure to interview her for a full-time teaching position in 2003.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge