**\* FILED ELECTRONICALLY**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLYN HERRINGTON, | : | No. 3:CV-04-1243 |
| Plaintiff | : | JUDGE RICHARD CAPUTO |
| | : | |
| | : | Complaint filed |
| v. | : | |
| | : | |
| CRESTWOOD SCHOOL DISTRICT, | : | JURY TRIAL DEMANDED |
| ET AL., | : | |
| Defendants | : | |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE THAT WAS NOT PRODUCED OR IS CONTRARY/DIFFERENT TO THE EVIDENCE PRODUCED IN 30(b)(6) DEPOSITIONS

### PROCEDURAL HISTORY

On June 9, 2004, Plaintiff, Ellyn Herrington instituted this action against Defendants Crestwood School District, alleging age discrimination pursuant to ADEA, 29 U.S.C.S. §621, et seq. and 42 U.S.C.S. §1983, and retaliation under the Pennsylvania Human Relations Act, 42 P.S. §951, et seq.   Plaintiff alleged that Theodore Geffert is individually liable for violations of the Pennsylvania Human Relations Act.   On June 22, 2004, Plaintiff amended her complaint.

On August 2, 2004, Defendants filed an Answer to Amended Complaint.  A case management conference was held, and subsequently, a Case Management Order was entered by the Court setting completion deadlines for discovery to be completed by April 15, 2005, all dispositive motions to be filed by May 2, 2005. The matter was initially placed on the September 2005 trial list.

In February of 2005, Plaintiff served a notice of deposition pursuant to Rule 30(b)(6), attached hereto as Exhibit "A".   On or about February 28, 2005, the undersigned designated 4 witnesses with knowledge about the information requested in Plaintiff's notice of deposition.  Additionally, the undersigned advised that designee, Paul Noss was unavailable for deposition on March 11, 2005, as a result of a previously scheduled surgery.  This is confirmed by Plaintiff's counsel's correspondence of March 2, 2005, attached hereto as Exhibit "B".  On February 28, 2005, the undersigned notified Paul Noss that his deposition would not occur on March 11, 2005, as a result of his surgery, and he was further advised that

Plaintiff's counsel may reschedule his deposition at a later date, attached hereto as Exhibit "C".  On March 7, 2005, as a result of Mr. Noss' unavailability on March 11, 2005, the undersigned designated the following individuals:  Louis Welebob, Maureen McGovern, and Theodore Geffert, attached hereto as Exhibit "D". During the March 11, 2005 depositions, the designated witnesses provided all information outlined in Plaintiff's notice of deposition, and allowed Plaintiffs' counsel leeway to go beyond the subjects identified within the notice.  At no time following the March 11, 2005 depositions did Plaintiff's counsel reschedule the deposition of Paul Noss.

On May 2, 2005, Defendants filed a Motion for Summary Judgment and supporting memorandum of law.  On May 16, 2005, Plaintiff filed a Brief in Opposition to Defendants' Motion for Summary Judgment.  On May 27, 2005, Defendants filed a Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment.  On March 17, 2006, this Honorable Court granted in part and denied in part Defendants' Motion for Summary Judgment.  Summary Judgment was granted with respect to Plaintiff's §1983 equal protection claims.  The remainder of the Motion was denied.

On August 9, 2005, the Court entered an order moving the matter to the March 2006 trial  list.  On February 27, 2006, the Court entered an order moving the matter to the October 2006 trial list, and was most recently moved to October

10, 2006.  Pursuant to this Court's order of September 8, 2006, Motions in Limine and supporting briefs were due by September 21, 2006.

On September 16, 2006, Plaintiff filed a Motion in Limine to Preclude Defendants from introducing evidence that was not produced or is contrary/different to the evidence produced in the 30(b)(6) deposition.  As discussed at the pretrial conference conducted by the court, the Defendants' response to Plaintiff's motion is due on or before October 4, 2006.

## STATEMENT OF FACTS

Plaintiff, Ellyn Herrington was born on July 10, 1960.  Plaintiff began applying for full-time teaching positions with the District in 1996.  Currently, Plaintiff is employed as a substitute elementary teacher with the District, and has been a substitute with the District since 1998.   Plaintiff was not hired for a full-time teaching position during the years 1996 to the present.  Plaintiff received a Bachelor's Degree from College Misericordia, Dallas, Pennsylvania in May of 1996, and thereafter, she received her teaching certification for elementary education, and is therefore, minimally qualified to perform the duties of a substitute elementary education teacher in Pennsylvania.  In June of 2001, Plaintiff was 40 years of age when she applied for a full-time teaching position.  Plaintiff was not hired into a full-time teaching position during the year 2001.   Sylvia

Wenner, applied for and was hired for a full-time teaching position in 2001.  Ms. Wenner was 41 years of age at that time.

In June of 2002, Plaintiff was 41 years of age when she applied for a full-time teaching position.  Plaintiff was not hired into a full-time teaching position in the year 2002.  Shari Andes was hired into a full-time position in 2002, and Ms. Andes was 50 years of age at that time.  Debra Macko was hired into a full-time teaching position in the year 2002.  At that time, Ms. Macko was 40 years of age.  Amy Brozena was hired into a full-time teaching position during the year 2002, and Ms. Brozena was 40 years of age at that time.  Maria Moulton was hired into a full-time teaching position in 2002 and was 42 years of age at that time.

Plaintiff applied for a full-time teaching position in 2003, but was neither interviewed, nor hired.   Rebecca Draszdowski applied for and was hired into a full-time teaching position in the year 2003.  At that tim2e, Ms. Draszdowski was 49 years of age.  Adele Kaschenbach applied for and was hired into a full-time teaching position during the year 2003.  Ms. Kaschenbach was 56 years of age at that time.

## QUESTIONS PRESENTED

## I.   Whether Defendants should be allowed to introduce evidence that was not produced or is contrary/different to the evidence produced in the Rule 30(b)(6) depositions of Maureen McGovern, Theodore Geffert, and Louis Welebob?

**Suggested Answer:  Yes.**

## ARGUMENT

### I.   Whether Defendants should be allowed to introduce evidence that was not produced or is contrary/different to the evidence produced in the Rule 30(b)(6) depositions of Maureen McGovern, Theodore Geffert, and Louis Welebob?

Defendants should be allowed to introduce evidence that was not produced or is contrary/different to the evidence produced in the Rule 30(b)(6) depositions of Maureen McGovern, Theodore Geffert and Louis Welebob.  It is not disputed that Rule 30(b)(6) provides, "…the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated the matters on which the person will testify . . . The person so designated shall testify as to matters known or reasonably available to the organization."   However, it is clear that the individuals designated on behalf of the District provided the information outlined in Plaintiff's notice of deposition.  Furthermore, designee, Paul Noss was available for deposition on a date other than March 11, 2005, but Plaintiff failed to reschedule or notice his deposition.

Moreover, Plaintiff requested the following information within her Rule 30(b)(6) notice of deposition, and it was provided by the appropriate designee as set forth below, with additional information to be provided by Paul Noss:

**<u>All information regarding Plaintiff's applications for employment with</u>** **<u>Defendant in 2002 to the present.</u>**   This information was provided by Theodore Geffert and Louis Welebob, and supported by their deposition testimony. Theodore Geffert testified as to Plaintiff's applications for employment with Defendant in 2002 to the present on the following pages:  230,231, 232, 243, 244, 256, 257, 258, 266, 267, 268, 280, 281, 283, 284, 289, 290, 302, 303, 304, and 305 attached hereto as Exhibit "E".   Louis Welebob testified as to Plaintiff's applications for employment with Defendant in 2002 to the present on the following pages:  39, 40, 42, 53, 74, 75, 80, and 108, attached hereto as Exhibit "F".  Paul Noss will offer additional testimony on this subject

**<u>All information regarding Crestwood's decision not to hire Plaintiff for</u>** **<u>the positions in 2002 until the present.</u>**   This information was provided by Theodore Geffert and Louis Welebob, and supported by their deposition testimony. Theodore Geffert testified as to Crestwood's decision not to hire Plaintiff for the positions in 2002 until the present on the following pages:  262, 266, 267, 268, 280, 283, 284, 287, 289, 290, 302, and 303, attached hereto as Exhibit "G".   Louis Welebob testified as to Crestwood's decision not to hire Plaintiff for the positions in 2002 until the present on the following pages:  42, 53, 74, 75, and 80, attached hereto as Exhibit "H".  Paul Noss will offer additional testimony on this subject.

**Information about the criteria used to select teacher positions in 2002 until present.**   This information was provided by Theodore Geffert and Louis Welebob, and supported by their deposition testimony.   Theodore Geffert testified as to the criteria used to select teacher positions in 2002 to the present on the following pages:  187, 188, 189,224, 225, 248, 249, 250, 253, 291, 292, 293, 294 and 303, attached hereto as Exhibit "I".  Louis Welebob testified as to the criteria used to select teacher positions in 2002 until present on the following pages:  10, 18, 23, 24, 25, 30, 34, 35, 51, 52, 53, 54, 55, 57, 60, 61, 62, 63, 64, 65, 66, 67, 112, 113, 118, and 119, attached hereto as Exhibit "J".  Paul Noss will offer additional testimony on this subject.

**Reason why Plaintiff was not selected for full-time teaching positions in 2002 until present.**   This information was provided by Theodore Geffert, and supported by his deposition testimony.   Theodore Geffert testified as to the reasons why Plaintiff was not selected for full-time teaching positions in 2002 until present on the following pages:  230, 231, 232, 257, 258, 262, 266, 267, 268, 284, 285, 286, 287, 289, 290, 302, 303 and 307, attached hereto as Exhibit "K".  Paul Noss will offer additional testimony on this subject.

**Information about qualifications of candidates who were selected for teaching positions in 2002 until present.**   This information was provided by Theodore Geffert and Louis Welebob, and supported by their deposition testimony.

Theodore Geffert testified regarding the qualifications of candidates who were selected for teaching positions in 2002 until present on the following pages: 244, 245, 246, 248, 249, 250, 251, 252, 260, 261, 265, 266, 268, 269, 270, 271, 274, 275, 292, 293, 294, 295, 296, 306 and 307, attached hereto as Exhibit "L". Louis Welebob testified regarding the qualifications of candidates who were selected for teaching positions in 2002 until present on the following pages: 41, 71, 84, 96, 99, 100, 102, 103, 113, 115, 119, 120, 121, 123, 128, and 129 attached hereto as Exhibit "M". Paul Noss, Mark Atherton and Jim McGovern will offer additional testimony on this subject.

**Information about selection system that was used to select candidates for the teaching positions in 2002 until present.** This information was provided by Theodore Geffert and Louis Welebob, and supported by their deposition testimony. Theodore Geffert provided information regarding the selection system that was used to select candidates for the teaching positions in 2002 until present on the following pages: 171, 172, 173, 183, 184, 186, 187, 188, 194, 196, 197, 198, 199, 200, 218, 219, 253, 254, 255, 273, 274, 277, and 290, attached hereto as Exhibit "N". Louis Welebob provided information regarding the selection system that was used to select candidates for the teaching positions in 2002 until the present on the following pages: 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37, 38, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 83,

118, and 119, attached hereto as Exhibit "O".  Paul Noss, Mark Atherton and Jim McGovern will offer additional testimony on this subject.

**Employment history and work performance as substitute teacher for Crestwood.**  This information was provided by Theodore Geffert, Louis Welebob, and Maureen McGovern and supported by their deposition testimony.   Theodore Geffert testified as to Plaintiff's employment history and work performance as a substitute teacher for Crestwood on the following pages:  233, 234, 235, 238, 239, 240, 262, 263, 281, 282, 283, 285, 299, 304, and 306, attached hereto as Exhibit "P".  Louis Welebob testified regarding Plaintiff's employment history and work performance as a substitute teacher for Crestwood on the following pages:  88, 90, 91, 92, 93 and 94, attached hereto as Exhibit "Q".   Maureen McGovern testified regarding Plaintiff's employment history and work performance as a substitute teacher for Crestwood on the following pages:  147, 148, and 149, attached hereto as Exhibit "R".  Paul Noss will offer additional testimony on this subject.

**Reasons why Plaintiff was not called as a substitute teacher at the Middle School following her filing charges of discrimination.**  A response to this request was provided by Theodore Geffert and Maureen McGovern, and supported by their deposition testimony.   Theodore Geffert  testified as to Plaintiff's allegation that she was not called as a substitute teacher following her filing charges of discrimination on the following pages:  300, attached hereto as

Exhibit "S".   Maureen McGovern testified as to Plaintiff's allegation that she was not called as a substitute teacher following her filing charges of discrimination on the following pages:  143, 144, 145, and 146, attached hereto as Exhibit "T".

**Any communication about Plaintiff and her applications, candidacy, or interviews with Crestwood.**  This information was provided by Theodore Geffert and Louis Welebob, and supported by their deposition testimony.   Theodore Geffert testified as to communications about Plaintiff's applications, candidacy and interviews with the District on the following pages:  262, 266, 267, 279, 280, 281 attached hereto as Exhibit "U".   Louis Welebob testified as to communications about Plaintiff's application, candidacy and interviews with the District on the following pages:  74, and 75, attached hereto as Exhibit "V".  Paul Noss will offer additional testimony on this subject

**Any communication about Plaintiff and/or this lawsuit made by any management or supervisory employee.**   This information was provided by Theodore Geffert and Louis Welebob, and supported by their deposition testimony. Theodore Geffert testified regarding communications about Plaintiff and/or this lawsuit made by any management or supervisory employee on the following pages 230 and 231, attached hereto as Exhibit "W".   Louis Welebob testified regarding communications about Plaintiff and/or this lawsuit made by any management or

supervisory employee on the following page:  43, attached hereto as Exhibit "X".
Paul Noss will offer additional testimony on this subject.

**Defendant's   policies   and   procedures   covering   employment
discrimination now and that the time in question.**   This information was
provided by Louis Welebob, and supported by their deposition testimony on page
20, attached hereto as Exhibit "Y".  Bill Jones will offer additional testimony on
this subject

**30(b)(6) designee's education, work experience, training history,
personal background information and salary.**  This information was provided
by Theodore Geffert, Louis Welebob, and Maureen McGovern, and supported by
their deposition testimony.  Theodore Geffert testified as to his education, work
experience, training history, personal background information and salary on the
following pages:  166, 167, 168, 169, 191, 192, 193, 272, 273, and 274, attached
hereto as Exhibit "Z".   Louis Welebob testified as to his education, work
experience, training history, personal background information and salary on the
following pages:  14, 15, 16, 17 and 29, attached hereto as Exhibit "AA".  Maureen
McGovern testified as to her education, work experience, training history, personal
background information and salary on the following pages:  140, 141, and 142,
attached hereto as Exhibit "BB".  Furthermore, defendants' objection to evidence
related to salary as irrelevant.

**30(b)(6) designee's knowledge of employment discrimination laws and standard practices in the human resources field.**   This information was provided by Theodore Geffert and Louis Welebob, and supported by their deposition testimony.   Theodore Geffert testified as to his knowledge of employment discrimination laws and standard practices in the human resources field on the following pages:  193, 194, 204, 205, 206, 207, 208, 210, 211, 213, and 214, attached hereto as Exhibit "CC".   Louis Welebob testified as to his knowledge of employment discrimination laws and standard practices in the human resources field on the following pages:  17 and 20, attached hereto as Exhibit "DD".

**Complaints and/or charges of discrimination against Defendants from 1995 until present time.**   This information was provided by Theodore Geffert, and supported by his deposition testimony one the following pages:  247, 300, and 301, attached hereto as Exhibit "EE".

Furthermore, Plaintiff's counsel was aware that she had the ability to reschedule and/or notice the deposition of Paul Noss, but failed to do so.

In *United States v. Rachel*, 289 F.Supp. 2d 688, 692 (M.D. 2003), *Rachel* Defendant filed a Joint Motion for Sanctions, to Compel and in Limine against Plaintiff to preclude the government from offering evidence to supports its claims because the proffered Rule 30(b)(6) witness' responses were so lacking that they

constituted no response at all.   The *Rachel* Defendant claimed that the designees had virtually no knowledge of anything listed in their deposition notice.   *Id.* However, the *Rachel* Defendant refused the government's initial offer of two 30(b)(6) designees.   *Id.*   The *Rachel* Defendant was notified that the individuals designated were limited to discussing the matters on which they had personal knowledge, because they were uninvolved in the investigation of the case.   *Id.* Following the depositions, defense counsel expressed his dissatisfaction with the witnesses and indicated they would depose one of the agents originally offered by the government, and the agent was deposed within the week.   *Id.*   Based upon the court's review of the transcript, it was satisfied that the government fulfilled its discovery obligations with respect to its designee.   *Id.*  Furthermore, the court held that "Defendant had more than an adequate opportunity to depose a wide variety of people related to the underlying transactions."   *Id.*  Therefore, Defendant's motion was denied.

In the instant case, Defendants designated Paul Noss, Louis Welebob, Maureen McGovern, and Theodore Geffert as Rule 30(b)(6) witnesses.  Plaintiff was aware that Mr. Noss was not available on the date noticed for deposition, as a result of surgery, but he was available on a date prior to the close of the discovery period.  Plaintiff had the ability to reschedule or notice Paul Noss' deposition, but she failed to do so.  Plaintiff now seeks to attempt to preclude evidence that was

available to her because she failed or refused to depose available and designated witness.

In *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 137, 142, 143 (Dist. Of Columbia 1998), the court denied Plaintiff's motion for a new Rule 30(b)(6) witness and request for sanctions.  Within *Alexander*, the court set forth the parties duties once a 30(b)(6) deposition is noticed.  *Id.* at 140.  Defendant had a duty to designate one or more persons to testify on the subject matter designated by plaintiffs.  *Id.*  The court found that the designated witness had the broadest base of knowledge available that was responsive to plaintiff's inquiries.  *Id.* Following review of the entire transcript, the designee was able to answer **many** of the plaintiff's relevant questions.  *Id.*  The court noted that although there were some questions that the designee was unable to answer, she was generally able to state who would most likely be able to answers those questions.  *Id.*  Therefore, the court found the designee was a proper Rule 30(b)(6) witness.

In the instant case, the designees referred Plaintiff's counsel to Paul Noss for further inquiry.  Again, Plaintiff was aware that Mr. Noss was designated, but not available for deposition on March 11, 2005.  Plaintiff had the opportunity to reschedule and notice Mr. Noss' deposition for another date, but she failed to do so.  Therefore, Plaintiff is incorrect on her assertions that the designees were not able

to testify as to certain inquiries, when she had the ability to reschedule the deposition of Paul Noss, or any other witness she desired for further inquiry.

Furthermore, in *United States of America v. New England Adolescent Research Institute, Inc.*, 162 F.R.D. 410, 412 (Dist. of MA 1995), the court denied plaintiff's motion to preclude defendant from presenting evidence relating to unanswered Rule 30(b)(6) questions on the basis that defendant did not act willfully or in bad faith to obstruct discovery.

In the instant case, it is clear that Defendants did not act in bad faith when they designated Paul Noss, Louis Welebob, Theodore Geffert and Maureen McGovern to address the areas of inquiry identified in Plaintiff's Rule 30(b)(6) notice.   Perhaps it was an invalid assumption on the part of Plaintiff's counsel to believe that each of these individuals would be in a position to address each area. If that were the case, Defendants would only need to have designated one individual, instead of four.  Additionally, Paul Noss was available for deposition on another date, but Plaintiff failed to reschedule or notice his deposition. Furthermore, Plaintiff counsel was inappropriately combative with designee, Theodore Geffert during his deposition.   At one point, the following exchange occurred, although Plaintiff's counsel was aware that Paul Noss was available for deposition at another date and the appropriate designee for the particular inquiry: Page 267, Line 22-24:

"POLLICK:          But yet Mr. Noss actually recommended her when he completed a sheet on her ---

Page 267, Line 2-16:

POLLICK:          --- which you saw earlier during this deposition, is that your testimony?

GEFFERT:          He (Noss) did not recommend her.  He may have put that on but he didn't recommend her probably.  You would have to check with him.

POLLICK:          Unfortunately you've been designated for the witness here today.  And I'm asking you, do you have any specific knowledge why Brandie Klem was interviewed but yet Ellyn Herrington was not?

GEFFERT:          I have no specific knowledge of that right now, no."

The witnesses produced as 30(b)(6) witnesses gave their best efforts to answer questions fully and truthfully.  Nothing more from them should be asked.  The District has always offered Plaintiffs' counsel opportunities to obtain full and complete discovery.

Evidence not sought or elicited by Plaintiffs' counsel should not be disallowed.

## **CONCLUSION**

Plaintiffs' Motion to Preclude Defendants' evidence at trial should be denied because plaintiff was afforded every opportunity to obtain full and complete discovery and refused it.

Respectfully Submitted,

Date:  10/4/06                    BY:    s/Sharon M. O'Donnell
                                         SHARON M. O'DONNELL, ESQ.
                                         PA  #79457
                                         4200 Crums Mill Road, Suite B
                                         Harrisburg, PA  17112
                                         (717) 651-3503
                                         **Attorney for Defendants**

\05_A\LIAB\PMMORCOM\TRLD\233208\PMMORCOM\14180\03749

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELLYN HERRINGTON, | : | No. 3:CV-04-1243 |
| Plaintiff | : | JUDGE RICHARD CAPUTO |
| | : | |
| | : | Complaint filed |
| v. | : | |
| | : | |
| CRESTWOOD SCHOOL DISTRICT, | : | JURY TRIAL DEMANDED |
| ET AL., | : | |
| Defendants | : | |

**COUNSEL'S CERTIFICATION OF WORD COUNT**
**PURSUANT TO F.R.C.P. 11 AND L.R. 7.8 (b)(2)**

I, Sharon M. O'Donnell, Esquire, counsel for Defendant Crestwood Area School District, do hereby certify that Defendant's Brief   in   Opposition   to Plaintiff's Motion in Limine does not exceed 5,000 words, and in submitting this certification, counsel has relied upon the word count feature of the word processing system used to prepare the Brief.  According to the word processing system used to prepare the Brief, the actual number of words in the Brief is 3,816.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER**
**COLEMAN & GOGGIN**

By:____*s/Sharon M. O'Donnell*_____
SHARON M. O'DONNELL, ESQUIRE

I.D. No.  79457
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3503
*Attorneys for Defendants*

Dated:      *10/04/06*

**CERTIFICATION OF SERVICE**

I hereby certify that I have served upon all parties listed below a true and correct copy of Defendants' Brief in Support of Motion in Limine on all parties of record via electronic filing, on the date set forth below, and addressed as follows:

Cynthia L. Pollick, Esquire
The Employment Law Firm
126 S. Main Street
Pittston, PA 18640

**MARSHALL, DENNEHEY, WARNER
COLEMAN AND GOGGIN**

Date:  9/21/06           BY:    *s/Sharon M. O'Donnell*
                                SHARON M. O'DONNELL, ESQ.
                                PA #79457
                                4200 Crums Mill Road, Suite B
                                Harrisburg, PA  17112
                                (717) 651-3503
                                **Attorney for Defendants**

\05_A\LIAB\PMMORCOM\TRLD\233208\PMMORCOM\14180\03749